UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAZARO R. FERNANDEZ,
      Plaintiff,

vs.                                                            Case No.: 3:20cv5531/MCR/EMT

MARCK INCH, et al.,
      Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Lazaro R. Fernandez (Fernandez) is proceeding pro se and in forma pauperis in this civil rights action. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). Upon review of the record, the undersigned concludes that this case should be dismissed, because Fernandez's claims are time-barred.

I.    BACKGROUND

Fernandez commenced this case by filing a civil rights complaint on May 29, 2020 (ECF No. 1). In his Complaint, he named six Defendants (*id.* at 1–2).[1]

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

Fernandez alleged that Defendants placed him in administrative confinement from December of 2014 to October 28, 2015, and then placed him on Close Management I status without justification and in violation of FDOC policies and procedures (*id.* at 7–9). Fernandez claimed that Defendants' conduct violated criminal laws, the Universal Declaration of Human Rights, and his rights under the First, Eighth, and Fourteenth Amendments (*id.* at 10).

The undersigned screened Fernandez's Complaint to determine whether it was frivolous or malicious, failed to state a claim upon which relief may be granted, or sought monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The undersigned determined that Fernandez's claims appeared to be subject to dismissal as time-barred (*see* ECF No. 5). The undersigned advised Fernandez of the legal standards applicable to the limitations issue, including determination of the accrual date of a claim and the availability of tolling in certain circumstances (*id.*). The court noted that Fernandez's claims appeared to be barred under the applicable legal standards, and told Fernandez that if he wished to pursue this civil rights action, he must filed an amended complaint which "**allege[s] facts showing his claims are not barred by the statute of limitations**" (*id.* at 8) (emphasis in original).

Case No.:   3:20cv5531/MCR/EMT

Fernandez filed an Amended Complaint on December 7, 2020 (ECF No. 15). Fernandez now names ten Defendants: (1) Mark Inch, Secretary of the FDOC; (2) John Willis, warden of Okaloosa Correctional Institution; (3) Norma Kelly, Assistant Warden at Okaloosa C.I.; (4) Yvonne Johnson, Classification Supervisor at Okaloosa C.I.; (5) Hillary Ellis, Classification Officer at Okaloosa C.I.; (6) Erica Williams-McFarland, Investigator with the FDOC's Office of Inspector General; (7) John Sloan, another warden of Okaloosa C.I.; (8) Cynthia Russell, State Classification Officer; (9) H.A. Finch, Classification Officer at Florida State Prison; and (10) J.M. Palmer, FDOC Regional Director (*see* ECF No. 15 at 1–5).

Fernandez alleges that on December 16, 2014, a disturbance occurred on a transport bus during which an inmate was hit by another inmate several times with a lock (ECF No. 15 at 7). Fernandez alleges when the bus stopped at Jefferson Correctional Institution, the assaulted inmate notified prison officials he had been sexually assaulted on the bus (*id.*). Fernandez alleges the assaulted inmate "randomly selected" six other inmates as perpetrators of the assault (*id.*). Plaintiff alleges he was one of the "randomly selected" inmates (*id.*). Fernandez alleges he and the other accused inmates were temporarily removed from the bus but then later

Page 4 of 11

returned to continue the transport to the Northwest Florida Reception Center (NWFRC) (*id.*).

Fernandez alleges when he arrived at NWFRC, he was placed in administrative confinement by former Inspector General Heartwell, pending an investigation pursuant to the Prison Rape Elimination Act (PREA) (ECF No. 15 at 8). Fernandez alleges he complied with the investigation, including by supplying a DNA sample, which showed "negative" results (*id.*). Fernandez alleges he was never charged with a disciplinary infraction or criminal offense, and was never seen by the Institutional Classification Team (ICT) (*id.*).

Fernandez alleges on December 30, 2014, he was transferred from NWFRC to Okaloosa C.I. and placed in administrative confinement pending investigation of the alleged sexual assault (ECF No. 15 at 8–9). Fernandez alleges he remained in administrative confinement for 316 days, until October 28, 2015, when the investigation concluded (*id.* at 9). Fernandez alleges that during his 316-day placement in administrative confinement, Defendants Sloan, Willis, Kelly, Johnson, Ellis, McFarland, and Inch (as well as two individual who are not named Defendants) failed to comply with FDOC policies and procedures governing such investigations (*id.* at 9–10). Fernandez alleges from February of 2015 through October of 2015,

he filed administrative grievances concerning his administrative confinement, and his wife complained to various FDOC officials, but none of them assisted (*id.* at 15–17).  Fernandez alleges he also requested mental health services in May and September of 2015, but he received no assistance (*id.* at 12–13).  Fernandez alleges his 316-day placement in administrative confinement caused severe mental strain (*id.*).  He alleges he also was unable to earn gain time and was deprived of certain privileges (*id.* at 9).

Fernandez alleges Defendants Sloan, McFarland, Johnson, and Ellis then recommended that he be placed on Close Management I (CMI) status, and Defendants Sloan, Willis, Kelly, and another individual approved the placement in December of 2015 (ECF No. 15 at 10–13).  Fernandez alleges there was no basis for the placement, and Defendants failed to follow the procedural requirements for placing him on CMI (*id.*).  Fernandez alleges on December 31, 2015, he was transported to Florida State Prison for CMI housing (*id.* at 13–14).  Fernandez alleges the FDOC's Central Office reversed the CMI placement (*id.* at 14).  Fernandez alleges Defendants Palmer and Finch submitted a second recommendation for CMI placement, and in March of 2016, Defendants Palmer and Russell approved the recommendation (*id.* at 14–15).  Fernandez alleges during his

placement on CMI, he was prohibited from earning gain time and receiving various privileges (*id.* at 14).

Fernandez alleges he suffered psychological, emotional, and mental injuries as a result of Defendants' conduct (ECF No. 15 at 15). He alleges Defendants' conduct also caused physical injuries, including high blood pressure (*id.*).

Fernandez claims that Defendants' keeping him in administrative confinement for 316 days without a hearing or conviction, and then placing him on CMI status violated his due process rights under the Fifth and Fourteenth Amendments (ECF No. 15 at 17–21). Fernandez further claims that Defendants' conduct constituted retaliation and cruel and unusual punishment in violation of the First and Eighth Amendments (*id.*).

As relief, Fernandez requests monetary damages (ECF No. 15 at 17–18). He also requests credit of 728 days on his criminal sentence (*id.* at 21), apparently for the gain time he was ineligible to earn while he was in administrative confinement (from December 16, 2014 to October 28, 2015) and then on CMI status.

II.   DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an in forma pauperis action if the court determines that the action is "(i) frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read a plaintiff's pro se allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). In applying this rule, however, only well pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980)[2]; *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").

If it is apparent from the face of the complaint that the plaintiff's claims are time-barred, dismissal for failure to state a claim is appropriate. *See Jones v. Bock*,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Case No.: 3:20cv5531/MCR/EMT

549 U.S. 199, 215 (2007); *see also Boyd v. Warden, Holman Corr. Fac.*, 856 F.3d 853, 872 (11th Cir. 2017) (internal quotation marks and citation omitted). Section 1983 does not contain a specific statute of limitations; therefore, Section 1988 directs the district courts to select and apply the most appropriate or analogous state statute of limitations. *See* 42 U.S.C. § 1988(a). For claims that arose in Florida, a four-year statute of limitations, which is applicable to personal injury actions, applies to Fernandez's claims. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citation omitted).

Applying federal law, the statute of limitations for a civil rights action begins to run on the date the cause of action accrues, which is the date when "the plaintiff has a complete and present cause of action" and "can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a § 1983 cause of action will not accrue until the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action, and (2) the identity of the person or entity that inflicted the injury. *Chappell*, 340 F.3d at 1283; *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent

to a person with a reasonably prudent regard for his rights.") (citation omitted); *Mullinax v. McElhenney*, 817 F.2d 711, 716–17 (11th Cir. 1987). To decide this issue, a court must first identify the injuries that the plaintiff allegedly suffered and then determine when the plaintiff could have sued for them. *See Rozar v. Mullis*, 85 F.3d 556, 562 (11th Cir. 1996).

Fernandez's claims are predicated on Defendants' placing him in administrative confinement from December 16, 2014 to October 28, 2015, and then placing him on CMI status in December of 2015 and again on March of 2016. Immediately after the placements, Fernandez knew he suffered injury, and he knew or could have known who was responsible for the placements. Therefore, the accrual date for Fernandez's § 1983 claims regarding his placement in administrative confinement is December 16, 2014, and the latest accrual date for his claims regarding his placement on CMI status is March of 2016. Fernandez's allegations in the Amended Complaint do not plausibly suggest that any other accrual dates apply. Fernandez did not commence this civil rights action until May 29, 2020, more than four years after his claims accrued. Therefore, Fernandez filed this case beyond the statute of limitations.

Florida law authorizes the tolling of statutory limitations period in certain specified circumstances, none of which are involved in this case. *See* Fla. Stat. § 95.051. And although federal courts also authorize equitable tolling, it is "an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citation omitted).

Here, despite the court's notifying Fernandez of the limitations issue and the potential availability of equitable tolling, and the court's providing Fernandez an opportunity to show that his claims are not time-barred, Fernandez has not alleged any facts suggesting that the extraordinary remedy of equitable tolling applies. Because it is apparent from the face of the Amended Complaint that Fernandez's claims are time-barred, this action should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

For the reasons discussed above, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED with prejudice** as time-barred, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 29th day of January 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:20cv5531/MCR/EMT